IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **SHANTHONY TYWON MAYS,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**CHANCE LEEDS,** )<br>)<br>Respondent. ) | No. 1:21-cv-01177-STA-jay |

ORDER DIRECTING CLERK TO MODIFY DOCKET,
DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND
DENYING MOTION TO SUPPLEMENT THE RECORD

Petitioner Shanthony Tywon Mays has filed a *pro se* habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Before the Court are Petitioner's motion for appointment of counsel (ECF No. 22) and motion to supplement the state court record (ECF No. 17). For the following reasons, the motions are **DENIED**.

**I.     Background**

In 2016, Petitioner was tried before an Obion County, Tennessee, jury for his involvement with Jimal Williams in the robbery of the 3J's Food Mart in Union City, Tennessee. *State v. Mays*, No. W2016-01390-CCA-R3-CD, 2017 WL 3841372, at *1 (Tenn. Crim. App. Aug. 31, 2017), *perm. appeal denied* (Tenn. Jan. 23, 2018). At trial, Williams testified to his and Mays' commission of the robbery. *Id.* at *3. The jury found Mays guilty of one count of aggravated robbery, three counts of aggravated assault, and one count of unlawful possession of a weapon. *Id.* at *12. "He received an effective sentence of twelve years confinement to be served consecutively to an unrelated sentence." (ECF No. 11-22 at 59.) Petitioner took an unsuccessful

direct appeal, *Mays*, 2017 WL 3841372, at *14, and the Tennessee Supreme Court declined discretionary review (ECF No. 11-21).

Mays filed a petition for post-conviction relief. (*Id.* at 4-21.) Following an evidentiary hearing, the state court denied the petition in a written order. (*Id.* at 59-67.) The Tennessee Court of Criminal Appeals affirmed and Petitioner did not seek permission to proceed in the state supreme court. *State v. Mays*, No. W2020-00201-CCA-R3-PC, 2021 WL 2375886, at *1 (Tenn. Crim. App. June 10, 2021).

Mays filed the Petition with this Court on November 4, 2021. In Claim 1, he asserts that counsel rendered ineffective assistance by failing to object to the introduction of his shoes into evidence on the ground that the chain of custody had been broken (Claim 1A), failing to challenge the introduction of the robbery weapon into evidence (Claim 1B), and "allow[ing] [his] codefendant to testify when he wasn't on the indictment witness list to be subpoena[ed] for the state [and since] [t]he defense was never told that [the witness] was [going] to testify[] at trial" (Claim 1C). (ECF No. 1 at 3.) Petitioner maintains in Claim 2 that the State violated *Giglio v. United States*, 405 U.S. 150 (1972), by using Williams' testimony, which he alleges the State knew was false. In a supplement to the Petition, Mays supplies additional arguments and documents he believes support Claim 2. (ECF No. 4.)

## II.     Motion for Appointment of Counsel

Petitioner asserts that an attorney should be appointed to represent him because he cannot afford counsel, lacks legal training, and has only indirect access to legal materials through a prison-appointed "Contractual Attorney." (ECF No. 22 at 2.) He references an "attached . . . Confidential Request for Attorney Conference" form which "specif[ies] the services provided by the . . .

2

Contractual Attorney." (*Id.* at n.1 .) However, no such form accompanies the motion. Respondent Chance Leeds[1] has not responded to the motion.

"A petitioner in a habeas proceeding has no constitutional right to counsel." *Rogers v. Skipper*, 811 F. App'x 986, 986 (6th Cir. 2020) (citing *Cobas v. Burgess*, 306 441, 444 (6th Cir. 2002)). Nevertheless, a district court "must appoint an attorney" for a § 2254 petitioner when "an evidentiary hearing is warranted." *Rules Governing Section 2254 Proceedings for the United States District Courts* ("Habeas Rules"), Rule 8(c). Counsel must also be appointed "where the interests of justice or due process so require," but the decision is left to the sound discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citing 18 U.S.C. § 3006A(g)). Factors to be considered by the court in determining whether appointment is in the interests of justice or due process include the legal and factual complexity of the case and the petitioner's "ability to investigate and present his claims." *Thomas v. Morgan*, No. 2:04-cv-02231-JDB-dbv, 2016 WL 1030153, at *6 (W.D. Tenn. Mar. 10, 2016) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

Appointment of counsel in the present case is not warranted. To begin, Petitioner's indigence and lack of legal knowledge are typical of most prisoners. *See e.g.*, *Debow v. Bell*, No. 3:10-CV-01003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (appointment of counsel not warranted on petitioner's allegation "that he 'is a common man with no understanding of the law and has to rely on others in the preparation of . . . document[s]'"). And, although Mays alleges that his access to legal materials is indirect, he does not provide details about the services the

---

[1] The Clerk is **DIRECTED** to modify the docket to reflect Chance Leeds as Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d).

prison's contractual attorneys provide. There is therefore nothing on the record describing the scope of legal services and materials to which Mays has access through a contractual attorney. Petitioner also does not assert that he has been unable to use the services of a contractual attorney or to prepare documents for filing in the present case. Indeed, a review of the docket in the present matter reveals that he has been able to investigate and present his claims and prepare motions. Finally, the issues in this case are not complex. For all of these reasons, appointment of counsel is not warranted. The motion is **DENIED**.

### III.  Motion to Supplement the Record

Mays requests that the Court order Respondent to file, as supplements to the state court record, (1) the "sworn affidavit of Jimal Williams," (2) the "forensic processing report" prepared by "Analyst Robert Rossenblatt" with regard to three "Memorex CD-R" disks, (3) the store's security video tapes, and (4) the "original blue shoes."[2] (ECF No. 17 at 1-2.) Respondent filed a brief in opposition to the motion on June 6, 2022. (ECF No. 21.) He argues that Williams' affidavit was never made a part of the trial or appellate records in Petitioner's state court proceedings, that there is no forensic report by Rosenblatt, that the forensic report that the prosecution submitted at trial has already been filed in the present matter, and that the store's videos have likewise been submitted to the Court and to Petitioner. Respondent also maintains that the shoes would not "assist this court in its analysis" of Petitioner's claim that counsel was ineffective in failing to object to their introduction at trial. (*Id.* at 3.) Nevertheless, Respondent has submitted a photograph of the shoes and a photograph of the jail property bag containing the

---

[2] The Court construes Petitioner's wish to have the "original blue shoes" entered into the record in the present matter as a request that the record be supplemented with a photograph of the shoes, as opposed to the physical shoes themselves.

inscription "1 pair of purple/blue Nike tennis shoes taken from Shanthony Mays at the Obion County Jail." (ECF No. 21-1.) Respondent represents that he "does not oppose [the] introduction" of the photographs into the record in the present case. (ECF No. 21 at 4.)

Habeas Rule 7 provides that "the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Habeas Rule 7(a). "The decision of whether to expand the record . . . is within the sound discretion of the district court." *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008) (citing *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988)). Nevertheless, where a "state court [has] adjudicated [a] claim on the merits," the federal habeas court's review of the claim is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

In the present case, Petitioner has not demonstrated that supplementation of the record to include Williams' "affidavit" is warranted. Firstly, it is not clear from his motion whether he is requesting Williams' full statement to police[3] or the actual affidavit accompanying the statement in which Williams swore "I have made this statement freely without hope of benefit or reward, without threat or punishment, without coercion, unlawful influence or unlawful inducement."[4] (*Id.* at 79.) If he means the statement, he has not identified which of his claims that statement allegedly

---

[3] There is no suggestion in the record that Williams' testimony at trial was inconsistent with his statement to police.

[4] During cross-examination, trial counsel asked Williams about his receiving favorable treatment from the prosecution in exchange for his testimony. (ECF No. 11-7 at 77.) As part of that examination, counsel quoted from the affidavit's language that Williams "made this statement freely without hope of benefit or reward[.]" (*Id.* at 79.) In response to counsel's question "That's not exactly true, is it?", Williams acknowledged that he gave the investigators the incriminating information about Mays because he hoped or expected the prosecution "would give [him] the least sentence they could give" him. (*Id.*)

5

relates to. If he is referring to the affidavit, it is clear from the Petition that that document relates to Claim 2. (*See* ECF No. 1 at 4 (quoting the affidavit).) Nevertheless, there is nothing to be gained by supplementing the record as the claim is probably procedurally defaulted.[5] And, even if the Court were to review the merits of the claim despite a default, the transcript of counsel's cross-examination, which is part of the state court record lodged in the present case, provides the exact quoted language from the affidavit on which Petitioner relies in Claim 2.

With regard to a forensic analysis of compact disks, Petitioner has presented nothing to suggest that an analyst named Rosenblatt examined those items and prepared a report. To the extent Petitioner may mean to reference the forensic report prepared by Tennessee Bureau of Investigation analyst Kristyn Meyers, the state court records already submitted in the present case contain a copy of her report and the transcript of her trial testimony. (*See* ECF No. 11-3 at 48–50; ECF No. 11-7 at 14–32.) Petitioner's request for a forensic report is therefore without basis.

As for the store's security videos, Respondent manually filed those disks (ECF No. 16) and represents that he delivered copies of them to Petitioner (ECF No. 21 at 3). Respondent has likewise filed a photograph of the shoes. Therefore, Petitioner's requests to supplement the record with the videos and the "original blue shoes" are moot. For all of these reasons, the motion to supplement the record is **DENIED**.

    **IT IS SO ORDERED**.

                                                              **s/ S. Thomas Anderson**
                                                              S. THOMAS ANDERSON
                                                              UNITED STATES DISTRICT JUDGE

                                                              Date: March 1, 2023

---

[5] A determination as to whether the claim is procedurally defaulted will be made when the Court issues its dispositive order in this case.